IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ginger Rose Baker, ) | C/A No. 8:14-4211-GRA-JDA |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Mr. Hari Kumawat; Mrs. Mumta Kumawat,) | |
| owners of Iva Quick Stop and Friends Party) | |
| Store, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Ginger Rose Baker ("Plaintiff"), proceeding pro se, brings this civil action alleging unlawful employment discrimination. Plaintiff is a non-prisoner, and she files this action *in forma pauperis* under 28 U.S.C. § 1915. The Complaint is subject to summary dismissal.

## **BACKGROUND**

Plaintiff alleges Hari Kumawat ("Mr. Kumawat") hired Plaintiff to work at the Friends Party Store in 2009, when she was 72 years old.[1] [Doc. 1 at 3; Doc. 12 at 1.] She alleges the following facts. At the time of hiring, Plaintiff informed Mr. Kumawat that she could not lift heavy objects due to a prior back injury from 2001, and he stated that it would not be a problem. [Doc. 1 at 3.] She worked there for four years, and Mr. Kumawat said he had been very satisfied with her work. [*Id*.] In April 2013, Mumta Kumawat ("Ms. Kumawat") told Plaintiff that she was too old and they were looking for someone else. [*Id*.] Ms.

---

[1] This Court created special interrogatories for Plaintiff to answer, which she did, related to who employed and/or supervised her and related to how many employees the employer had. [Doc. 12.]

Kumawat supervised Plaintiff when Mr. Kumawat was out of town or out of the store. [Doc. 12 at 1.]  On May 30, 2013, Plaintiff had back spasms, and she told Mr. Kumawat she was going to the hospital; she missed work one day.  [Doc. 1 at 3.]  Mr. Kumawat told her to take more days off, and Plaintiff eventually told him she was "perfectly able to work."  [*Id*.] Thereafter, Plaintiff had a conversation with Mr. Kumawat, and he stated that workers' compensation is very expensive and she may get injured picking up a bottle of liquor.  [*Id*.] Then, he terminated her employment.  [*Id*.]

Plaintiff seems to allege that the South Carolina Human Affairs Commission viewed her complaints of age and disability discrimination favorably until it learned that Mr. Kumawat did not have fifteen employees.  [*Id*. at 4.]  She contends, "[t]his law of 15 employees is over 40 years old.  This gives employers in convenience stores and other small shops rights to discriminate on any counts."  [*Id*.]  In response to this Court's special interrogatories, Plaintiff responded that her employer did not employ fifteen or more employees; but, she contends that "discrimination is discrimination no matter how many employees."  [Doc. 12 at 2.]  Further, in response to the special interrogatories, Plaintiff attached copies of EEOC notices that appear to find lack of jurisdiction over her charges. [Doc. 12-1 at 1–4.]  Plaintiff alleges the reason for her discharge from work was age and disability discrimination.  [Doc. 1-1.]  She appears to request lost wages.  [*Id*.]

## STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(e) DSC, the undersigned is authorized to review the Complaint for relief and

submit findings and recommendations to the District Court. Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). As a pro se litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*). However, even under this less stringent standard, the pro se pleading remains subject to summary dismissal. The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## DISCUSSION

Plaintiff's Complaint seems to allege claims related to violations of two federal laws—the American with Disabilities Act ("ADA") and the Age Discrimination in

Employment Act ("ADEA"). However, because Plaintiff alleges that her employer, Mr. Kumawat, employed fewer than fifteen people, she fails to state a plausible claim on which relief may be granted. *See Reynolds v. Am. Nat'l Red Cross*, 701 F.3d 143, 155 (4th Cir. 2012) (the numerosity requirements of the ADA and other employment discriminations statutes are essential elements of a plaintiff's claim instead of a jurisdictional issue). Although the Court must liberally construe the pro se Complaint and Plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the Complaint, the Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)); *see also Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (explaining that a plaintiff may proceed into the litigation process only when his complaint is justified by both law and fact); *cf. Skinner v. Switzer*, 131 S. Ct. 1289 (2011) (holding that plaintiff need not pin his claim for relief to precise legal theory). It is well settled that the ADEA covers employers who employ twenty or more employees, and the ADA requires that the employer have fifteen or more employees. *See Reynolds*, 701 F.3d at 155 (the ADA covers employers with fifteen or more employees); *Jones v. Karnick, Inc.*, C/A No. 8:11-1554-HMH-JDA, 2012 WL 13774, at *4 (D.S.C. Jan. 3, 2012) (the ADEA covers employers with twenty or more employees). Thus, because Plaintiff alleges that her employer did not have at least fifteen employees, she fails to state an essential element of her claims for violations of those federal laws.

Plaintiff seems to contend that discrimination laws should be enforced against any employer, no matter how few employees it has, and that Mr. Kumawat, as an employer,

should not be permitted to discriminate against her based on her age and disability. However, the United States Congress, the elected legislature, created the ADA and the ADEA pursuant to its power to make laws. This Court has the authority to interpret the laws but not to make them; the decision of which laws to make is entrusted to elected leaders "who can be thrown out of office if the people disagree with them." *Nat'l Fed. of Indep. Bus. v. Sebelius*, 132 S. Ct. 2566, 2579 (2012).

To the extent Plaintiff may seek to allege a state law claim related to her employer's termination of her employment, she may bring such a claim in federal court under the diversity statute, 28 U.S.C. § 1332, if that statute's requirements are satisfied. *See Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011). With the exception of certain class actions, the diversity statute requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00). *See* 28 U.S.C. § 1332(a). Complete diversity of parties in a case means that the citizenship of every plaintiff must be different from the citizenship of every defendant. *Central West Virginia Energy Co.*, 636 F.3d at 103. Here, Plaintiff seems to allege that all parties are domiciled in South Carolina. Thus, complete diversity is not satisfied.

## **RECOMMENDATION**

Accordingly, it is recommended that the District Court dismiss this action without prejudice and without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972).

**Plaintiff's attention is directed to the important notice on the next page.**

*Jacquelyn D. Austin* (signature)

Jacquelyn D. Austin
United States Magistrate Judge

January 9, 2015
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).