UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Ginger Rose Baker, | ) | |
| | ) | C/A No.: 8:14-4211-GRA |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | (Written Opinion) |
| Mr. Hari Kumawat, and Mrs. Mumta | ) | |
| Kumawat, Owners of Iva Quick Stop & | ) | |
| Friends Party Store, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter comes before the Court for review of United States Magistrate Judge Jacquelyn D. Austin's Report and Recommendation made pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(e). ECF No. 17. For the reasons set forth herein, the Court ADOPTS the Report and Recommendation and DISMISSES this action without prejudice and without issuance and service of process.

## Background

Plaintiff, proceeding *pro se* and *in forma pauperis*, filed this action on the basis of age and disability discrimination.  Under established procedure in this district, the Magistrate Judge made a careful review of the Complaint and recommended that this Court dismiss Plaintiff's case against Defendants without prejudice and without issuance and service of process.  ECF No. 17.  The Magistrate Judge reasoned that the Americans with Disabilities Act (ADA) and Age Discrimination in Employment Act (ADEA) do not apply to Plaintiff's employer, Defendant Hari Kumawat, because he

employs fewer than fifteen employees. *Id.* at 4. Further, the Magistrate Judge determined that there was no basis for federal jurisdiction over any state law claims. *Id.* at 5. Plaintiff timely filed objections to the Report and Recommendation on February 25, 2015. ECF No. 24.

## **Standard of Review**

Plaintiff brings this claim *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982). However, a court may not construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir.1993), nor is a district court required to recognize "obscure or extravagant claims defying the most concerted efforts to unravel them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir.1985), *cert. denied*, 475 U.S. 1088 (1986).

Plaintiff brings this claim *in forma pauperis* under 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute requires a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.*

In order for objections to be considered by a United States District Judge, the objections must be timely filed and specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections. Fed. R. Civ. P. 72(b); *see United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845–47 nn.1–3 (4th Cir. 1985). "Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Furthermore, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983). In this case, February 25, 2015, was the deadline for filing objections. Plaintiff filed timely objections to the Report and Recommendation on February 25, 2015. ECF No. 24.

## Discussion

After a thorough review of the record and Plaintiff's objections, the Court finds that many of the objections are unrelated to the dispositive portions of the Magistrate Judge's Report and Recommendation and merely restate her claims.  The Magistrate Judge's Report and Recommendation accurately summarizes the case and the applicable law.   As determined by the Magistrate Judge, the ADA only applies to employers with fifteen or more employees, 42 U.S.C. § 12111(5)(A), and the ADEA only applies to employers with twenty or more employees, 29 U.S.C. § 630(b). Plaintiff alleges that her employer, Defendant Hari Kumawat, employs less than fifteen employees.  ECF No. 1 at 4; ECF No. 12 at 2.  Therefore, Plaintiff fails to state a claim against Defendant Hari Kumawat pursuant to the ADA and ADEA. *See Jones v. Karnick, Inc.*, No. 8:11-CV-1554, 2012 WL 13774, at *4 (D.S.C. Jan. 3, 2012) (determining that the employee numerosity requirements in ADEA and other federal civil rights statutes constitute essential elements which must be adequately pled to avoid dismissal).[1]

To the extent that Plaintiff alleges any claims arising under state law, the Court agrees with the Magistrate Judge that there is no diversity jurisdiction.[2] Further, the Court declines to exercise supplemental jurisdiction over any state law claims.

---

[1] Although not addressed by the Report and Recommendation, it is clear that Defendant Mumta Kumawat, who is only alleged to be Plaintiff's occasional supervisor, ECF No. 12 at 1, is not subject to liability under the ADA or ADEA.  *See Jones v. Sternheimer*, 387 F. App'x 366, 368 (4th Cir. 2010) (holding that the ADA and ADEA do not allow claims against supervisors and other employees in their individual capacities).

[2] Even if the Court were to allow the new factual allegations raised in Plaintiff's objections, there is still an insufficient basis to find complete diversity of the parties.

## Conclusion

For the reasons set forth above, the Report and Recommendation, ECF No. 17, is ADOPTED, and this case is DISMISSED without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

May 22, 2015
Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Plaintiff has the right to appeal this Order within thirty (30) days from the date of its entry.  Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal**.